## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMAL EUGENE BENNETT,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:22-cv-0838** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **COUNTY OF LYCOMING,** *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Jamal Eugene Bennett, a pretrial detainee at Lycoming County Prison, initiated the above-captioned *pro se* action under 42 U.S.C. § 1983[1] and various other federal and state statutes. (Doc. No. 1.) Bennett asserts a host of undeveloped claims against fifteen different defendants. Because Bennett does not state a plausible claim against any defendant, the Court must dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## I.    BACKGROUND

The gravamen of Bennett's complaint involves the commissary at Lycoming County Prison. Bennett contends that "the items are changed without notice" and "the weight amounts go down while the prices stay the same." (Doc. No. 1 at 7.)

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

Bennett also complains that the commissary is selling individual items that are "not supposed to be taken out of the box and sold separately." (*Id.*)

With these scant allegations, Bennett attempts to assert the following claims: unidentified First and Fourteenth Amendment infringements, an unspecified violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, civil conspiracy,[2] what appears to be a civil RICO claim, a violation of the Pennsylvania Price Gouging Act, and a violation of the Sherman Antitrust Act. (*See id.* at 9-10.) Bennett sues the County of Lycoming; Warden Brad Shoemaker; Oasis—the commissary provider; Matthew McDermott, "administrator"; eight members of the Prison Board; and three presumed prison officials—Tammy Toner, Lepley, and Shuck. (*Id.* at 3-6.)

## II.    STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. *See* 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" *Id.* § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se*

---

[2] Bennett does not specify whether he is attempting to assert a state or federal civil conspiracy claim.

prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir.

2016) (internal citations and quotation marks omitted) (footnote omitted).  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.  *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."  *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 681.

Because Bennett proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  This is particularly true when the *pro se* litigant, like Bennett, is incarcerated.  *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III.  DISCUSSION

Bennett's complaint is the exact type of pleading that has been repudiated by the Supreme Court in *Twombly* and *Iqbal*.  His conclusory claims lack personal

involvement, sufficient factual averments, and plausibility. He does not even attempt to provide the bare elements of his numerous causes of action, let alone factual allegations that would plausibly state claims for the various federal and state-law violations he alleges. The Court will briefly identify the most serious material deficiencies in Bennett's pleading.

### A.    Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context). Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity. *Id.* (quoting *Rode*, 845 F.2d at 1207).

Bennett has sued thirteen individuals. Yet nowhere in his complaint does he explain how these individuals purportedly violated his constitutional rights. In fact, the only personal involvement Bennett has alleged deals with the prison grievance process. Bennett states that he filed "a grievance" in November 2021 and "Sgt.

Beck, Tammy Toner, DW Barnes, Warden Shoemaker, the County Commissioners, and the Prison Board members" were "notified" of the matter and refused to correct it. (Doc. No. 1 at 7.) However, it is well settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability. *See Dooley*, 957 F.3d at 374 (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Bennett's complaint lacks sufficient personal involvement for any of the individual Defendants because he does not allege how these Defendants violated his constitutional rights (or any other federal or state law, for that matter). Accordingly, any Section 1983 claim against these Defendants must be dismissed.

## B.   Various Federal and State-Law Claims

Bennett's complaint suffers from a more fundamental deficiency: the plethora of federal and state-law claims Bennett attempts to assert are entirely conclusory, detached from the facts of the complaint, and devoid of plausibility.

For example, Bennett states that "defendants conspired against" him and other inmates by "setting up a custom contract in relation to commissary in the county prison." (Doc. No. 1 at 7.) This type of pleading does not come close to stating a claim for civil conspiracy under state or federal law.[3] Most notably, it does not identify an unlawful act. Pennsylvania law requires a plaintiff asserting a claim for civil conspiracy to aver "material facts which will either directly or inferentially establish [the] elements of conspiracy." *Brown v. Blaine*, 833 A.2d 1166, 1173 (Pa. Commw. Ct. 2003) (citation omitted). Mere conclusory allegations stating that there was a "conspiracy" or "an agreement to act unlawfully" will not suffice. *See id.*; *see also Brown v. Everett Cash Mut. Ins. Co.*, 157 A.3d 958, 967-68 (Pa. Super. Ct. 2017) (explaining that "bald assertions of conspiracy are insufficient to properly plead civil conspiracy; [a] plaintiff must set forth facts supporting [the] existence of a conspiracy that would suggest [a] common plan or scheme" to act unlawfully (citation omitted)).

Bennett does not even attempt to plead the bare elements of his other claims. Even if he did provide such threadbare element recitations, that too would be insufficient to state a claim for relief. *See Oakwood Labs. LLC v. Thanoo*, 999 F.3d

---

[3] Under Pennsylvania law, to state a claim for civil conspiracy, a plaintiff must plausibly allege "that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means. Proof of malice, *i.e.*, an intent to injure, is essential in proof of a conspiracy." *Skipworth ex rel. Williams v. Lead Indus. Ass'n*, 690 A.2d 169, 174 (Pa. 1997) (citation omitted).

892, 904 (3d Cir. 2021) (explaining that courts must "disregard threadbare recitals of the elements of a cause of action" (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012))).  Bennett, moreover, fails to connect his commissary-based allegations to any of his stated causes of action.  He also fails to connect them to any specific defendant.  Instead, he simply asserts, in conclusory fashion, that "defendants" violated various federal and state laws.

Finally, as to the County of Lycoming, it appears that Bennett is attempting to assert a Section 1983 claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), for implementation of an unconstitutional policy. (*See* Doc. No. 1 at 10.)  Even assuming Bennett's commissary-related allegations constitute a "policy" or "custom," Bennett does not plead with sufficient specificity how the policy violated his constitutional rights or was the "moving force" behind a constitutional violation.  *See Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014) (citation omitted).  Bennett likewise fails to allege that a policymaker with decisionmaking authority created the policy or acquiesced in a well-settled custom such that municipal liability could obtain.  *See Watson v. Abington Township*, 478 F.3d 144, 156-57 (3d Cir. 2007).

In sum, Bennett's complaint suffers from multiple material pleading deficiencies.  There is a distinct lack of personal involvement, and his claims are

conclusory, undeveloped, and implausible. They cannot survive scrutiny under *Twombly* and *Iqbal* and therefore must be dismissed.

### C.    Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." *Grayson*, 293 F.3d at 114. Because it is conceivable that Bennett could cure some of his pleading deficiencies, the Court will permit him to file an amended complaint in accordance with this Memorandum.

## IV.    CONCLUSION

Based on the foregoing, the Court will dismiss without prejudice Bennett's complaint (Doc. No. 1) pursuant to 28 U.S.C. § 1915A(b)(1). Leave to amend will be granted. An appropriate Order follows.


                                   s/ Sylvia H. Rambo
                                   United States District Judge

Dated: September 6, 2022